IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GEORGE L JOHNSON,

    Petitioner,

v.   CASE NO. 4:12-cv-283-RH-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by George L. Johnson, Florida Department of Corrections Inmate # N02776.  Petitioner seeks habeas corpus relief in connection with his 2003 Leon County conviction of one count of sexual battery, for which he received a sentence of 15 years' imprisonment as a prison releasee reoffender.

This is Petitioner's second habeas corpus petition challenging the same conviction.  *See Johnson v. Secretary*, Case No. 4:10-cv-295-SPM-WCS.  That petition was dismissed as time-barred on January 11, 2011.  *Id*. Doc. 19.

In order to file a second or successive § 2254 petition, the Petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A).  Absent authorization, the district court lacks jurisdiction to consider a second or successive petition.  *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir.2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).

The dismissal of the prior § 2254 petition as time barred "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under [28 U.S.C.] § 2244(b)." *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005); *see also McNabb v. Yates,* 576 F.3d 1028, 1029–30 (9th Cir. 2009) (dismissal as untimely constitutes a disposition on the merits and renders later petition second or successive) (citing *Murray*) (footnote omitted); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir.2003) (prior untimely petition "counts" to render subsequent petition successive: "a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims."). *C.f. Jordan v. Sec'y Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (not discussing the issue but noting that the first petition was denied with prejudice as untimely, and authorization for filing the second or successive petition had been granted).

There is nothing in the record that reflects that Petitioner has been granted leave by the Eleventh Circuit to file a second or successive habeas corpus petition, and thus this Court lacks the authority to entertain Petitioner's claim.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 1, be **DISMISSED**.

**IN CHAMBERS** this 14th day of June 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**